Neil Selman (SBN CA 62720)
nselman@selmanlaw.com
Lisa M. Lampkin (SBN CA 199514)
llampkin@selmanlaw.com
SELMAN BREITMAN LLP
11766 Wilshire Blvd., Sixth Floor
Los Angeles, CA 90025-6538
Telephone:  310.445.0800
Facsimile:   310.473.2525

Attorneys for National Casualty Company

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

NATIONAL CASUALTY COMPANY,

Plaintiff,

v.

NATIONAL STRENGTH AND
CONDITIONING ASSOCIATION,

Defendant.

Case No. **'18 CV 1292 BEN RBB**

COMPLAINT FOR DECLARATORY
JUDGMENT

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff National Casualty Company ("National Casualty") hereby sues defendant National Strength and Conditioning Association ("NSCA"), and seeks a Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure for purposes of determining a question of actual controversy between the parties.

## **PARTIES**

1.     At all pertinent times, National Casualty was, and still is, a corporation organized and existing under the laws of the state of Wisconsin, with its principal place of business in Scottsdale, Arizona.

1

2.     At all times, NSCA was, and still is, a corporation organized and existing under the laws of the state of Colorado, with its principal place of business in Colorado Springs, Colorado.

## JURISDICTION AND VENUE

3.     Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

4.     Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff, National Casualty, on the one hand, and Defendant, the NSCA, on the other hand; and (b) the amount in controversy, including the potential costs of defending and indemnifying the NSCA with regard to the Underlying Lawsuit, exceeds $75,000.

5.     Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b). In particular, a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## NATURE OF THE CLAIM

6.     This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 for the purpose of construing and interpreting the terms of insurance contracts and for a determination of the rights and obligations, if any, of the parties arising from the insurance contracts issued by National Casualty to the NSCA.

7.     An actual, immediate controversy exists among the parties regarding whether National Casualty has a duty to prosecute, defend and indemnify the NSCA under the policies discussed below with respect to the following lawsuits:

- CrossFit, Inc. v. National Strength and Conditioning Association, United States District Court, Southern District of California, Case No. 3:14-cv-01191-HKS-KCS ("Federal Lawsuit").  A true and correct copy of the Second Amended Complaint filed in the Federal Lawsuit is attached hereto and incorporated herein as Exhibit A.

2

- National Strength and Conditioning Association v. Greg Glassman, et al., San Diego Superior Court, Case No. 37-2016-00014339-CU-DF-CTL ("State Lawsuit"). A true and correct copy of the Complaint filed in the State Lawsuit is attached hereto and incorporated herein as Exhibit B.

8. National Casualty seeks a declaratory judgment that it does not owe a duty to prosecute, defend or indemnify the NSCA for any of the claims alleged in the Federal Lawsuit and State Lawsuit.

### GENERAL ALLEGATIONS

9. CrossFit, Inc. ("CrossFit") filed the Federal Lawsuit on or about May 12, 2014, against the NSCA.

10. CrossFit filed a Second Amended Complaint in the Federal Lawsuit on or about June 26, 2017, alleging causes of action for False Advertising pursuant to the Lanham Act 15 U.S.C. § 1125(a), False Advertising pursuant to California Business & Professions Code §17500, Unfair Competition pursuant to California Business & Professions Code § 17200, and Trade Libel.

11. The Second Amended Complaint in the Federal Lawsuit alleges that the NSCA published and distributed knowingly false, misleading and/or deceptive statements to customers, trainers, potential customers, potential trainers, and the U.S. Military, about CrossFit's accreditation and injury rates.

12. CrossFit seeks to recover damages (including general, punitive and exemplary damages), disgorgement of profits and royalties, treble damages, attorneys' fees and costs, corrective advertisements, and injunctive relief.

13. National Casualty is defending the NSCA in the Federal Lawsuit filed by CrossFit, subject to a reservation of rights.

14. The NSCA filed the State Lawsuit on or about May 2, 2016, alleging causes of action for Trade Libel, Defamation, and Unfair Business Practices, against CrossFit, its Founder and CEO, and several of its employees.

3

Complaint for Declaratory Relief

15.    National Casualty has been paying for the NSCA to prosecute its affirmative claims against CrossFit in the State Lawsuit.

16.    National Casualty informed the NSCA, as early as June 21, 2016, that it had the right to choose independent counsel for its defense pursuant to California Civil Code section 2860.

17.    The NSCA exercised its right to choose independent counsel in or about July or August 2017.

18.    The NSCA's independent counsel filed a notice of appearance in the Federal Lawsuit in August 2017.

19.    Prior to August 2017, Nationwide had been paying Manning & Kass to represent the NSCA in the Federal Lawsuit.

20.    Since August 2017, Nationwide has been paying Manning & Kass and the NSCA's independent counsel, Noonan Lance, to represent the NSCA in the Federal Lawsuit.

21.    The NSCA's independent counsel filed a notice of appearance in the State Lawsuit in February 2018.

22.    Prior to February 2018, Nationwide had been paying Manning & Kass to represent the NSCA in the State Lawsuit.

23.    Since February 2018, Nationwide has been paying Manning & Kass and the NSCA's independent counsel, Noonan Lance, to represent the NSCA in the State Lawsuit.

24.    CrossFit filed a Motion for Sanctions against the NSCA on or about February 2, 2017 in the Federal Lawsuit.

25.    CrossFit's Motion for Sanctions in the Federal Lawsuit accused the NSCA of failing to produce numerous documents in response to discovery, deliberately withholding the documents, making false statements under oath, and violating the court discovery orders.

4

26.     On May 26, 2017, the court in the Federal Lawsuit issued an Order Granting in Part the Motion for Sanctions filed by CrossFit against the NSCA.  A true and correct copy of the Order is attached hereto and incorporated herein as Exhibit C.

27.     The Order on the Motion for Sanctions concluded that the NSCA had withheld documents and lied under oath in the Federal Lawsuit.

28.     As part of the sanctions award in the Federal Lawsuit, the court ordered the NSCA to pay all costs incurred by CrossFit to commission a neutral forensic analysis of the NSCA's servers ("Forensic Analysis Costs").

29.     The court also ordered the NSCA to pay $73,550.83 as monetary sanctions to CrossFit for the NSCA's discovery misconduct in the Federal Lawsuit ("Federal Monetary Sanctions").

30.     The court further awarded CrossFit a number of issue and adverse inference sanctions ("Issue Sanctions") against the NSCA in the Federal Lawsuit, including but not limited to the following:

- The NSCA and CrossFit are in commercial competition.
- The NSCA had a commercial motivation for making the false statement in the Devor Study.
- The NSCA made the false statement in the Devor Study with the intention of disparaging CrossFit and thereby driving consumers to the NSCA.
- The NSCA was aware of the misleading nature of the Erratum.
- The Erratum's statement, that two participants were injured during the course of the Study, misled the public and harmed CrossFit.
- The NSCA's false statement in the Devor Study was disseminated sufficiently to the purchasing public to constitute advertising or promotion.

Complaint for Declaratory Relief

- The NSCA caused the false statement in the Devor Study to enter interstate commerce.
- It was foreseeable that the false statement in the Devor Study would be circulated to the media.
- The NSCA was aware that the false statement in the Devor Study was being circulated to the media.
- A loss in CrossFit's certification revenue was the natural and probable result of the false injury data in the Devor Study.

31.    On or about June 23, 2017, the NSCA filed a motion for reconsideration of the Issue Sanctions awarded by the court in the Federal Lawsuit.

32.    On or about October 19, 2017, the court denied the NSCA's motion for reconsideration in the Federal Lawsuit.  A true and correct copy of the Order is attached hereto and incorporated herein as Exhibit D.

33.    CrossFit brought a Motion for Sanctions against the NSCA on or about March 1, 2018 in the State Lawsuit.

34.    CrossFit's Motion for Sanctions in the State Lawsuit similarly accused the NSCA of failing to produce numerous documents in response to discovery, deliberately withholding documents, making false statements under oath, and violating prior discovery orders.

35.    On May 17, 2018, the discovery referee in the State Lawsuit awarded CrossFit monetary sanctions against the NSCA, and ordered the NSCA to reimburse CrossFit's attorneys' fees in the amount of $406,484.39 and expenses in the amount of $4,130.51 ("State Monetary Sanctions").  A true and correct copy of the Order is attached hereto and incorporated herein as Exhibit E.

## INSURANCE COVERAGE

36.    National Casualty issued a Commercial General Liability policy to the NSCA, identified as Policy No. KRO0000003279700 for the period February 1,

6

782690.1 2080.40228

2013 to February 1, 2015 (the "Primary Policy").  A true and accurate copy of the Primary Policy is attached hereto and incorporated herein as Exhibit F.

37.     The Primary Policy provides Commercial General Liability Coverage, pursuant to Form CG 00 01 12 07 ("CGL Form"), which includes numerous terms, provisions, definitions, exclusions and conditions.

38.     The CGL Form contains a section entitled "Coverage B Personal and Advertising Injury Liability" ("Coverage B").

39.     Pursuant to the Insuring Agreement in Coverage B in the CGL Form, National Casualty states:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.  We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

40.     The term "personal and advertising injury" is defined in the Commercial General Liability Broadening Endorsement of the Primary Policy as:

> "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:
>
> a.  False arrest, detention or imprisonment;
>
> b.  Malicious prosecution or abuse of process;
>
> c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
>
> d.  Any publication of material including, but not limited to oral, written, televised, videotaped or electronically transmitted publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
>
> e.  Any publication of material, including but not limited to oral, written, televised, videotaped or electronically

Complaint for Declaratory Relief

transmitted publication of material that violates a person's right of privacy;

f. The use of another's advertising idea in your 'advertisement'; or

g. Infringing upon another's copyright, trade dress or slogan in your 'advertisement'."

41.     The Primary Policy includes a Knowing Violation of Rights of Another exclusion under Coverage B, which excludes coverage for:

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

42.     The Primary Policy includes a Material Published With Knowledge of Falsity exclusion under Coverage B, which excludes coverage for:

"Personal and advertising injury" arising out of publication of material, including, but not limited to, oral, written, televised, videotaped or electronically transmitted publication of material, if done at the direction of the insured with knowledge of its falsity.

43.     The Primary Policy includes coverage for Supplementary Payments, whereby National Casualty agrees to pay, with respect to any claim or suit against an insured it defends, "[a]ll court costs taxed against the insured in the 'suit'. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured."

44.     The Primary Policy includes policy conditions which require the NSCA to immediately provide National Casualty with any notices or legal papers received in the Federal Lawsuit and State Lawsuit, as well as cooperate with National Casualty in the investigation, defense or settlement of those lawsuits.

45.     National Casualty also issued an excess liability policy to the NSCA, identified as Policy No. XKO0000003279800 for the period February 1, 2013 to February 1, 2014 (the "Excess Policy").   A true and correct copy of the Excess Policy is attached hereto and incorporated herein as Exhibit G.

8

782690.1 2080.40228

46. The Commercial Excess Liability Coverage Form in the Excess Policy provides:

> The insurance provided under this Coverage Part will follow the same provisions, exclusions and limitations contained in the applicable "controlling underlying insurance", unless otherwise directed by this insurance. To the extent such provisions differ or conflict, the provisions of this Coverage Part will apply. However, the coverage provided under this Coverage Part will not be broader than that provided by the applicable "controlling underlying insurance".

47. Pursuant to the insuring agreement of the Excess Policy, National Casualty agrees to "pay on behalf of the insured the 'ultimate net loss' in excess of the 'retained limit' because of 'injury or damage' to which insurance provided under this Coverage Part applies."

48. The Excess Policy defines "retained limit" as "the available limits of 'controlling underlying insurance' applicable to the claim."

49. The Excess Policy defines "controlling underlying insurance" as "any policy of insurance or self-insurance listed in the Declarations under the Schedule of 'controlling underlying insurance'."

50. The Schedule of Controlling Underlying Insurance in the Excess Policy identifies the Primary Policy issued by National Casualty to the NSCA.

51. The Primary Policy and the Excess Policy are referred to collectively herein as the "Policies."

## COUNT I – DECLARATORY RELIEF
### (No Duty to Pay Federal Monetary Sanctions)

52. National Casualty realleges and incorporates by reference Paragraphs 1-45 as though fully set forth herein.

53. National Casualty contends that the Policies do not provide coverage for the Federal Monetary Sanctions awarded against the NSCA in the Federal Lawsuit, and that National Casualty is under no obligation to pay the Federal Monetary Sanctions.

9

Complaint for Declaratory Relief

54.     National Casualty understands that the NSCA disputes the contentions herein.

55.     An actual, present and existing controversy exists among the parties to this lawsuit regarding whether the Federal Monetary Sanctions are covered under the Policies.

56.     National Casualty seeks the following declarations herein:

(a)     The Federal Monetary Sanctions awarded against the NSCA in the Federal Lawsuit are not damages covered by the Policies;

(b)     Payment of the Federal Monetary Sanctions by National Casualty is prohibited by public policy and/or California Insurance Code section 533; and

(c)     The Federal Monetary Sanctions are attorneys' fees or attorneys' expenses taxed against the NSCA in the Federal Lawsuit, which are not Supplementary Payments covered by the Policies.

## COUNT II – DECLARATORY RELIEF
### (No Duty to Pay Forensic Analysis Costs)

57.     National Casualty realleges and incorporates by reference Paragraphs 1-50 as though fully set forth herein.

58.     National Casualty contends that the Policies do not provide coverage for the Forensic Analysis Costs that the NSCA was ordered to pay in Federal Lawsuit, and that National Casualty is under no obligation to pay the Forensic Analysis Costs.

59.     National Casualty understands that the NSCA disputes the contentions herein.

60.     An actual, present and existing controversy exists among the parties to this lawsuit regarding whether the Forensic Analysis Costs are covered under the Policies.

782690.1 2080.40228

61.     National Casualty seeks the following declarations herein:

        (a)     The Forensic Analysis Costs awarded against the NSCA in the Federal Lawsuit are not damages covered by the Policies;

        (b)     Payment of the Forensic Analysis Costs by National Casualty is prohibited by public policy and/or California Insurance Code section 533; and

        (c)     National Casualty has a right to reimbursement from the NSCA for all Forensic Analysis Costs expended by National Casualty in the Federal Lawsuit.

## COUNT III – DECLARATORY RELIEF

### (No Duty to Defend False Advertising Claim Under the Lanham Act)

62.     National Casualty realleges and incorporates by reference Paragraphs 1-55 as though fully set forth herein.

63.     National Casualty contends that there is no longer any potential for coverage under the Policies for the False Advertising Claim made against the NSCA under the Lanham Act in the Federal Lawsuit, and that National Casualty no longer has any duty to defend the NSCA against those claims based on the express terms, provisions, definitions, exclusions and/or conditions of the Policies.

64.     National Casualty understands that the NSCA disputes the contentions herein.

65.     An actual, present and existing controversy exists among the parties to this lawsuit regarding whether any potential for coverage is afforded to the NSCA under the Policies for the False Advertising claim under the Lanham Act, and whether National Casualty has any continuing defense obligation under the Policies for that claim.

66.     National Casualty seeks the following declarations herein:

        (a)     CrossFit asserted a claim against the NSCA for False Advertising under the Lanham Act in the Federal Lawsuit based on the NSCA's publication of false material about CrossFit;

Complaint for Declaratory Relief

1       (b)    National Casualty has been defending the NSCA against the claims in the Federal Lawsuit pursuant to a reservation of rights;

       (c)    The Issue Sanctions establish that the NSCA knowingly published false material about CrossFit;

       (d)    The Issue Sanctions establish that the NSCA intended to disparage CrossFit through the publication of false material;

       (e)    The Issue Sanctions establish that CrossFit's damages for False Advertising under the Lanham Act were caused by the NSCA's publication of false material;

       (f)    The Policies exclude coverage for all damages sought by CrossFit against the NSCA based on the claim for False Advertising under the Lanham Act;

       (g)    The profits, royalties, treble amounts, attorneys' fees, and injunctive relief sought by CrossFit are not damages covered by the Policies;

       (h)    Payment of any treble amounts by National Casualty is prohibited by public policy and/or California Insurance Code section 533;

       (i)    The attorneys' fees sought by Cross Fit are not Supplementary Payments covered by the Policies;

       (j)    National Casualty no longer has any duty to defend the NSCA against CrossFit's claim for False Advertising under the Lanham Act; and

       (k)    National Casualty has a right to reimbursement from the NSCA for all amounts incurred and paid, after the court's award of Issue Sanctions in the Federal Lawsuit, to defend the NSCA against the claim for False Advertising under the Lanham Act.

Complaint for Declaratory Relief

## COUNT IV – DECLARATORY RELIEF

### (No Duty to Indemnify False Advertising Claim Under the Lanham Act)

67.    National Casualty realleges and incorporates by reference Paragraphs 1-60 as though fully set forth herein.

68.    National Casualty contends that there is no coverage under the Policies for the False Advertising claim made against the NSCA under the Lanham Act in the Federal Lawsuit, and that National Casualty is under no obligation to indemnify the NSCA against those claims based on the express terms, provisions, definitions, exclusions and/or conditions of the Policies.

69.    National Casualty understands that the NSCA disputes the contentions herein.

70.    An actual, present and existing controversy exists among the parties to this lawsuit regarding whether coverage is afforded to the NSCA under the Policies for the False Advertising claim made against the NSCA under the Lanham Act in the Federal Lawsuit, and whether National Casualty has any indemnity obligation under the Policies for that claim.

71.    National Casualty seeks the following declarations herein:

(a)    CrossFit asserted a claim against the NSCA for False Advertising under the Lanham Act in the Federal Lawsuit based on the NSCA's publication of false material about CrossFit;

(b)    The Issue Sanctions establish that the NSCA knowingly published false material about CrossFit;

(c)    The Issue Sanctions establish that the NSCA intended to disparage CrossFit through the publication of false material;

(d)    The Issue Sanctions establish that CrossFit's damages for False Advertising under the Lanham Act were caused by the NSCA's publication of false material;

(e)    The Policies exclude coverage for all damages sought by

13

1  CrossFit against the NSCA based on the claim for False Advertising under the

2  Lanham Act;

3          (f)    The profits, royalties, treble amounts, attorneys' fees, and

4  injunctive relief sought by CrossFit are not damages covered by the Policies;

5          (g)    Payment of any treble amounts by National Casualty is

6  prohibited by public policy and/or California Insurance Code section 533;

7          (h)    The attorneys' fees sought by Cross Fit are not Supplementary

8  Payments covered by the Policies; and

9          (i)    National Casualty does not have any duty to indemnify the

10  NSCA for any of the damages or other relief sought by CrossFit as part of its claim

11  for False Advertising under the Lanham Act.

12  ### COUNT V – DECLARATORY RELIEF

13  ### (No Duty to Defend False Advertising Claim Under Bus. & Prof. Code §

14  ### 17500)

15      72.    National Casualty realleges and incorporates by reference Paragraphs

16  1-65 as though fully set forth herein.

17      73.    National Casualty contends that there is no longer any potential for

18  coverage under the Policies for the False Advertising Claim made against the

19  NSCA in the Federal Lawsuit under California Business & Professions Code

20  section 17500, and that National Casualty no longer has any duty to defend the

21  NSCA against those claims based on the express terms, provisions, definitions,

22  exclusions and/or conditions of the Policies.

23      74.    National Casualty understands that the NSCA disputes the contentions

24  herein.

25      75.    An actual, present and existing controversy exists among the parties to

26  this lawsuit regarding whether any potential for coverage is afforded to the NSCA

27  under the Policies for the False Advertising claim under Section 17500, and

28  whether National Casualty has any continuing defense obligation under the

14

Policies for that claim.

76. National Casualty seeks the following declarations herein:

(a) CrossFit asserted a claim against the NSCA for False Advertising under Section 17500 based on the NSCA's publication of false material about CrossFit;

(b) National Casualty has been defending the NSCA against the claims in the Federal Lawsuit pursuant to a reservation of rights;

(c) The Issue Sanctions establish that the NSCA knowingly published false material about CrossFit;

(d) The Issue Sanctions establish that the NSCA intended to disparage CrossFit through the publication of false material;

(e) The Policies exclude coverage for all relief sought by CrossFit against the NSCA based on the claim for False Advertising under Section 17500;

(f) The injunctive relief sought by CrossFit does not qualify as damages covered by the Policies;

(g) National Casualty has no duty to defend the NSCA against CrossFit's claim for False Advertising under Section 17500; and

(h) National Casualty has a right to reimbursement from the NSCA for all amounts incurred and paid to defend the NSCA against the claim for False Advertising under Section 17500.

## COUNT VI – DECLARATORY RELIEF

### (No Duty to Indemnify False Advertising Claim Under Bus. & Prof. Code § 17500)

77. National Casualty realleges and incorporates by reference Paragraphs 1-70 as though fully set forth herein.

78. National Casualty contends that there is no coverage under the Policies for the False Advertising claim made against the NSCA under California Business & Professions Code section 17500 in the Federal Lawsuit, and that

15

782690.1 2080.40228

1  National Casualty is under no obligation to indemnify the NSCA against those
2  claims based on the express terms, provisions, definitions, exclusions and/or
3  conditions of the Policies.

4      79.    National Casualty understands that the NSCA disputes the contentions
5  herein.

6      80.    An actual, present and existing controversy exists among the parties to
7  this lawsuit regarding whether coverage is afforded to the NSCA under the Policies
8  for the False Advertising claim made against the NSCA under Section 17500, and
9  whether National Casualty has any indemnity obligation under the Policies for that
10  claim.

11      81.    National Casualty seeks the following declarations herein:

12      (a)    CrossFit asserted a claim against the NSCA for False
13  Advertising under Section 17500 based on the NSCA's publication of false
14  material about CrossFit;

15      (b)    The Issue Sanctions establish that the NSCA knowingly
16  published false material about CrossFit;

17      (c)    The Issue Sanctions establish that the NSCA intended to
18  disparage CrossFit through the publication of false material;

19      (d)    The Issue Sanctions establish that CrossFit's damages for False
20  Advertising under Section 17500 were caused by the NSCA's publication of false
21  material;

22      (e)    The Policies exclude coverage for all relief sought by CrossFit
23  against the NSCA based on the claim for False Advertising under Section 17500;

24      (f)    The injunctive relief sought by CrossFit does not qualify as
25  damages covered by the Policies;

26      (g)    National Casualty does not have any duty to indemnify the
27  NSCA for any of the damages or other relief sought by CrossFit as part of its claim
28  for False Advertising under Section 17500.

16

## COUNT VII – DECLARATORY RELIEF

### (No Duty to Defend Unfair Competition Claim)

82.   National Casualty realleges and incorporates by reference Paragraphs 1-75 as though fully set forth herein.

83.   National Casualty contends that there is no potential for coverage under the Policies for the Unfair Competition claim made against the NSCA in the Federal Lawsuit, and that National Casualty is under no obligation to defend the NSCA against those claims based on the express terms, provisions, definitions, exclusions and/or conditions of the Policies.

84.   National Casualty understands that the NSCA disputes the contentions herein.

85.   An actual, present and existing controversy exists among the parties to this lawsuit regarding whether any potential for coverage is afforded to the NSCA under the Policies for the Unfair Competition claim, and whether National Casualty has any defense obligation under the Policies for that claim.

86.   National Casualty seeks the following declarations herein:

(a)   CrossFit asserted a claim against the NSCA for Unfair Competition based on the NSCA's publication of false material about CrossFit;

(b)   National Casualty has been defending the NSCA against the claims in the Federal Lawsuit pursuant to a reservation of rights;

(c)   The Issue Sanctions establish that the NSCA knowingly published false material about CrossFit;

(d)   The Issue Sanctions establish that the NSCA intended to disparage CrossFit through the publication of false material;

(e)   The Policies exclude coverage for all relief sought by CrossFit against the NSCA based on the claim for Unfair Competition;

(f)   The profits and injunctive relief sought by CrossFit are not damages covered by the Policies;

17

1    (g) National Casualty has no duty to defend the NSCA against

2 CrossFit's claim for Unfair Competition; and

3    (h) National Casualty has a right to reimbursement from the NSCA

4 for all amounts incurred and paid to defend the NSCA against the claim for Unfair

5 Competition.

6       **COUNT VIII – DECLARATORY RELIEF**

7    **(No Duty to Indemnify Unfair Competition Claim)**

8    87. National Casualty realleges and incorporates by reference Paragraphs

9 1-80 as though fully set forth herein.

10    88. National Casualty contends that there is no coverage under the

11 Policies for the Unfair Competition claim made against the NSCA in the Federal

12 Lawsuit, and that National Casualty is under no obligation to indemnify the NSCA

13 against those claims based on the express terms, provisions, definitions, exclusions

14 and/or conditions of the Policies.

15    89. National Casualty understands that the NSCA disputes the contentions

16 herein.

17    90. An actual, present and existing controversy exists among the parties to

18 this lawsuit regarding whether coverage is afforded to the NSCA under the Policies

19 for the Unfair Competition claim, and whether National Casualty has any

20 indemnity obligation under the Policies for that claim.

21    91. National Casualty seeks the following declarations herein:

22    (a) CrossFit asserted a claim against the NSCA for Unfair

23 Competition based on the NSCA's publication of false material about CrossFit;

24    (b) The Issue Sanctions establish that the NSCA knowingly

25 published false material about CrossFit;

26    (c) The Issue Sanctions establish that the NSCA intended to

27 disparage CrossFit through the publication of false material;

28

(d)     The Policies exclude coverage for all relief sought by CrossFit against the NSCA based on the claim for Unfair Competition;

(f)     The profits and injunctive relief sought by CrossFit does not qualify as damages covered by the Policies;

(g)     National Casualty does not have any duty to indemnify the NSCA for any of the damages or other relief sought by CrossFit as part of its claim for Unfair Competition.

## COUNT IX – DECLARATORY RELIEF
### (No Duty to Defend Trade Libel Claim)

92.    National Casualty realleges and incorporates by reference Paragraphs 1-85 as though fully set forth herein.

93.    National Casualty contends that there is no potential for coverage under the Policies for the Trade Libel claim made against the NSCA in the Federal Lawsuit, and that National Casualty is under no obligation to defend the NSCA against those claims based on the express terms, provisions, definitions, exclusions and/or conditions of the Policies.

94.    National Casualty understands that the NSCA disputes the contentions herein.

95.    An actual, present and existing controversy exists among the parties to this lawsuit regarding whether any potential for coverage is afforded to the NSCA under the Policies for the Trade Libel claim, and whether National Casualty has any defense obligation under the Policies for that claim.

96.    National Casualty seeks the following declarations herein:

(a)     CrossFit asserted a claim against the NSCA for Trade Libel based on the NSCA's publication of false material about CrossFit;

(b)     National Casualty has been defending the NSCA against the claims in the Federal Lawsuit pursuant to a reservation of rights;

782690.1 2080.40228

1         (c)   The Issue Sanctions establish that the NSCA knowingly

2   published false material about CrossFit;

3         (d)   The Issue Sanctions establish that the NSCA intended to

4   disparage CrossFit through the publication of false material;

5         (e)   The Issue Sanctions establish that the NSCA harmed CrossFit's

6   business by publishing the false material;

7         (f)   The Policies exclude coverage for the damages and relief

8   sought by CrossFit against the NSCA based on the claim for Trade Libel;

9         (g)   National Casualty has no duty to defend the NSCA against

10   CrossFit's claim for Trade Libel; and

11         (h)   National Casualty has a right to reimbursement from the NSCA

12   for all amounts incurred and paid to defend the NSCA against the claim for Trade

13   Libel.

### COUNT X – DECLARATORY RELIEF

#### (No Duty to Indemnify Trade Libel Claim)

16       97.   National Casualty realleges and incorporates by reference Paragraphs

17   1-90 as though fully set forth herein.

18       98.   National Casualty contends that there is no coverage under the

19   Policies for the Trade Libel claim made against the NSCA in the Federal Lawsuit,

20   and that National Casualty is under no obligation to indemnify the NSCA against

21   those claims based on the express terms, provisions, definitions, exclusions and/or

22   conditions of the Policies.

23       99.   National Casualty understands that the NSCA disputes the contentions

24   herein.

25       100.   An actual, present and existing controversy exists among the parties to

26   this lawsuit regarding whether coverage is afforded to the NSCA under the Policies

27   for the Trade Libel claim, and whether National Casualty has any indemnity

28   obligation under the Policies for that claim.

101.   National Casualty seeks the following declarations herein:

(a)   CrossFit asserted a claim against the NSCA for Trade Libel based on the NSCA's publication of false material about CrossFit;

(b)   The Issue Sanctions establish that the NSCA knowingly published false material about CrossFit;

(c)   The Issue Sanctions establish that the NSCA intended to disparage CrossFit through the publication of false material;

(d)   The Issue Sanctions establish that the NSCA harmed CrossFit's business by publishing the false material;

(e)   The Policies exclude coverage for the damages and relief sought by CrossFit against the NSCA based on the claim for Trade Libel;

(f)   National Casualty does not have any duty to indemnify the NSCA for any of the damages or other relief sought by CrossFit as part of its claim for Trade Libel.

## <u>COUNT XI – DECLARATORY RELIEF</u>
### <u>(No Duty to Pay State Monetary Sanctions)</u>

102.   National Casualty realleges and incorporates by reference Paragraphs 1-95 as though fully set forth herein.

103.   National Casualty contends that the Policies do not provide coverage for the State Monetary Sanctions awarded against the NSCA in the State Lawsuit, and that National Casualty is under no obligation to pay the State Monetary Sanctions.

104.   National Casualty understands that the NSCA disputes the contentions herein.

105.   An actual, present and existing controversy exists among the parties to this lawsuit regarding whether the State Monetary Sanctions are covered under the Policies.

106.   National Casualty seeks the following declarations herein:

(a)   The State Monetary Sanctions awarded against the NSCA in the State Lawsuit are not damages covered by the Policies;

(b)   Payment of the State Monetary Sanctions by National Casualty is prohibited by public policy and/or California Insurance Code section 533; and

(c)   The State Monetary Sanctions are attorneys' fees or attorneys' expenses taxed against the NSCA in the State Lawsuit, which are not Supplementary Payments covered by the Policies.

## COUNT XII – DECLARATORY RELIEF
### (Violation of Civil Code Section 2860)

107.   National Casualty realleges and incorporates by reference Paragraphs 1-100 as though fully set forth herein.

108.   National Casualty contends that the NSCA exercised its right to retain independent counsel pursuant to California Civil Code section 2860 in July or about August 2017.

109.   Prior to, and at the time of, the NSCA's selection of independent counsel, National Casualty notified the NSCA that it was reserving all rights under Section 2860.

110.   Section 2860(d) states: "When independent counsel has been selected by the insured, it shall be the duty of that counsel and the insured to disclose to the insurer all information concerning the action except privileged materials relevant to coverage disputes, and timely to inform and consult with the insurer on all matters relating to the action. Any claim of privilege asserted is subject to in camera review in the appropriate law and motion department of the superior court. Any information disclosed by the insured or by independent counsel is not a waiver of the privilege as to any other party."

111.   National Casualty contends that the NSCA's independent counsel has submitted hundreds of thousands of dollars in invoices to National Casualty for

22

782690.1 2080.40228

payment since August 2017, but that the NSCA's independent counsel has not provided sufficient substantive reports, information or evaluations to National Casualty during that same time period.

112. National Casualty contends that the NSCA and its independent counsel are in violation of the requirements of Section 2860(d).

113. National Casualty understands that the NSCA disputes the contentions herein.

114. An actual, present and existing controversy exists among the parties to this lawsuit regarding the reporting obligations of the NSCA and its independent counsel to National Casualty under Section 2860.

115. National Casualty seeks the following declarations herein:

(a)  The NSCA, through its independent counsel, has breached its obligations under Section 2860 by failing to provide timely reports, information and evaluations to National Casualty;

(b)  The NSCA, through its independent counsel, has breached its obligations under Section 2860 by failing to timely consult with National Casualty regarding all matters relating to the Federal Lawsuit and State Lawsuit.; and

(c)  The NSCA's independent counsel must provide National Casualty with timely reports every thirty days, and more frequently if required based on the developments in the Federal Lawsuit and State Lawsuit, regarding all matters relating to the Federal Lawsuit and State Lawsuit, including the progress of the action, opportunities for settlement, developments affecting liability or damages, and the NSCA's exposure.

Complaint for Declaratory Relief

## COUNT XIII – DECLARATORY RELIEF

### (Breach of Policy Conditions)

116.   National Casualty realleges and incorporates by reference Paragraphs 1-109 as though fully set forth herein.

117.   National Casualty contends that the Policies require the NSCA to cooperate with National Casualty's investigation, defense and settlement of the Federal Lawsuit and State Lawsuit, and that National Casualty expressly reserved all rights based on these provisions in the Policies.

118.   National Casualty contends that the NSCA exercised its right to retain independent counsel pursuant to California Civil Code section 2860 in July or about August 2017.

119.   National Casualty contends that the NSCA's independent counsel has submitted hundreds of thousands of dollars in invoices to National Casualty for payment since August 2017, but that the NSCA's independent counsel has not provided sufficient substantive reports, information or evaluations to National Casualty during that same time period.

120.   National Casualty contends that the NSCA is in violation of the cooperation clause stated in the conditions of the Policies.

121.   National Casualty understands that the NSCA disputes the contentions herein.

122.   An actual, present and existing controversy exists among the parties to this lawsuit regarding the reporting obligations of the NSCA and its independent counsel to National Casualty under the conditions of the Policies.

123.   National Casualty seeks the following declarations herein:

(a)   The NSCA, through its independent counsel, has breached its obligations under the conditions of the Policies by failing to provide timely reports, information and evaluations to National Casualty;

(b)    The NSCA, through its independent counsel, has breached its obligations under the conditions of the Policies by failing to timely consult with National Casualty regarding all matters relating to the Federal Lawsuit and State Lawsuit.; and

(c)    The NSCA's independent counsel must provide National Casualty with timely reports every thirty days, and more frequently if required based on the developments in the Federal Lawsuit and State Lawsuit, regarding all matters relating to the Federal Lawsuit and State Lawsuit, including the progress of the action, opportunities for settlement, developments affecting liability or damages, and the NSCA's exposure.

## COUNT XIV – DECLARATORY RELIEF
### (No Duty to Fund Defense Through Multiple Firms)

124.   National Casualty realleges and incorporates by reference Paragraphs 1-117 as though fully set forth herein.

125.   National Casualty contends that it hired the law firm of Manning & Kass to represent the NSCA in the Federal Lawsuit and State Lawsuit.

126.   National Casualty contends that it advised the NSCA of its right to retain independent counsel for its representation pursuant to California Civil Code section 2860.

127.   National Casualty contends that the NSCA hired the law firm of Noonan Lance to serve as its independent counsel in or about July or August 2017.

128.   National Casualty contends that Noonan Lance filed a notice of appearance in the Federal Lawsuit in August 2017.

129.   National Casualty contends that Noonan Lance filed a notice of appearance in the State Lawsuit in February 2018.

130.   National Casualty contends that it is only obligated to pay for one firm to represent the NSCA under Section 2860.

Complaint for Declaratory Relief

131.   National Casualty contends that Noonan Lance has had more than ten months to assume complete responsibility and handling of NSCA's representation in the Federal Lawsuit and State Lawsuit.

132.   National Casualty contends that it is no longer obligated to pay for Manning & Kass to continue representing the NSCA in the Federal Lawsuit and/or State Lawsuit.

133.   National Casualty understands that the NSCA disputes the contentions herein.

134.   An actual, present and existing controversy exists among the parties to this lawsuit regarding the parties' rights and obligations concerning the involvement of one or more law firms to represent NSCA in the Federal Lawsuit and/or State Lawsuit.

135.   National Casualty seeks the following declarations herein:

(a)     National Casualty has honored the NSCA selection of Noonan Lance as its independent counsel;

(b)     National Casualty is only obligated to pay for one firm to represent the NSCA;

(c)     The NSCA's selection of Noonan Lance as independent counsel for the Federal Lawsuit and State Lawsuit terminated any obligation by National Casualty to continue paying for Manning & Kass to represent the NSCA in either of those cases;

(d)     National Casualty has the right to refuse payment of any invoices submitted by Manning & Kass in the Federal Lawsuit after August 2017; and

(e)     National Casualty has the right to refuse payment of any invoices submitted by Manning & Kass in the State Lawsuit after February 2018.

Complaint for Declaratory Relief

782690.1 2080.40228

## COUNT XV – DECLARATORY RELIEF

### (No Duty to Prosecute State Lawsuit)

136.   National Casualty realleges and incorporates by reference Paragraphs 1-129 as though fully set forth herein.

137.   National Casualty contends that its Policies impose a duty to defend the NSCA against third party claims potentially covered by the Policies, but that the Policies do not create any obligation on the part of National Casualty to fund the prosecution of the NSCA's affirmative claims against third parties.

138.   National Casualty contends that it is not defending the NSCA against any third party claims in the State Lawsuit.

139.   National Casualty contends that the State Lawsuit only involves the prosecution of the NSCA's affirmative claims against a third party (i.e., CrossFit).

140.   National Casualty contends that it is under no obligation to fund the NSCA's prosecution of affirmative claims against CrossFit in the State Lawsuit.

141.   National Casualty understands that the NSCA disputes the contentions herein.

142.   An actual, present and existing controversy exists among the parties to this lawsuit regarding National Casualty's obligations to the NSCA in the State Lawsuit.

143.   National Casualty seeks the following declarations herein:

(a)   The Policies do not impose any obligation on National Casualty to fund the NSCA's prosecution of affirmative claims against CrossFit in the State Lawsuit;

(b)   National Casualty has no duty to fund the prosecution of NSCA's claims against CrossFit in the State Lawsuit; and

(c)   National Casualty has a right to reimbursement from the NSCA for all amounts incurred and paid to fund the prosecution of the State Lawsuit.

782690.1 2080.40228

**PRAYER FOR RELIEF**

WHEREFORE, National Casualty respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties under the Policies, including, but not limited to, the following:

1. The Federal Monetary Sanctions awarded against the NSCA in the Federal Lawsuit are not damages covered by the Policies;

2. The State Monetary Sanctions awarded against the NSCA in the State Lawsuit are not damages covered by the Policies;

3. Payment of the Federal Monetary Sanctions by National Casualty is prohibited by public policy and/or California Insurance Code section 533;

4. Payment of the State Monetary Sanctions by National Casualty is prohibited by public policy and/or California Insurance Code section 533;

5. The Federal Monetary Sanctions are attorneys' fees or attorneys' expenses taxed against the NSCA in the Federal Lawsuit, which are not Supplementary Payments covered by the Policies;

6. The State Monetary Sanctions are attorneys' fees or attorneys' expenses taxed against the NSCA in the State Lawsuit, which are not Supplementary Payments covered by the Policies;

7. The Forensic Analysis Costs awarded against the NSCA in the Federal Lawsuit are not damages covered by the Policies;

8. Payment of the Forensic Analysis Costs by National Casualty is prohibited by public policy and/or California Insurance Code section 533;

9. National Casualty has a right to reimbursement from the NSCA for all Forensic Analysis Costs expended by National Casualty in the Federal Lawsuit;

10. CrossFit asserted a claim against the NSCA for False Advertising under the Lanham Act in the Federal Lawsuit based on the NSCA's publication of false material about CrossFit;

28

782690.1 2080.40228

11.     National Casualty has been defending the NSCA against the claims in the Federal Lawsuit pursuant to a reservation of rights;

12.     The Issue Sanctions establish that the NSCA knowingly published false material about CrossFit;

13.     The Issue Sanctions establish that the NSCA intended to disparage CrossFit through the publication of false material;

14.     The Issue Sanctions establish that the NSCA harmed CrossFit's business by publishing the false material;

15.     The Issue Sanctions establish that CrossFit's damages for False Advertising under the Lanham Act were caused by the NSCA's publication of false material;

16.     The Policies exclude coverage for all damages sought by CrossFit against the NSCA based on the claim for False Advertising under the Lanham Act;

17.     The profits, royalties, treble amounts, attorneys' fees, and injunctive relief sought by CrossFit are not damages covered by the Policies;

18.     Payment of any treble amounts by National Casualty is prohibited by public policy and/or California Insurance Code section 533;

19.     The attorneys' fees sought by Cross Fit are not Supplementary Payments covered by the Policies;

20.     National Casualty no longer has any duty to defend the NSCA against CrossFit's claim for False Advertising under the Lanham Act;

21.     National Casualty has a right to reimbursement from the NSCA for all amounts incurred and paid, after the court's award of Issue Sanctions in the Federal Lawsuit, to defend the NSCA against the claim for False Advertising under the Lanham Act;

22.     National Casualty does not have any duty to indemnify the NSCA for any of the damages or other relief sought by CrossFit as part of its claim for False Advertising under the Lanham Act;

29

23. CrossFit asserted a claim against the NSCA for False Advertising under Section 17500 based on the NSCA's publication of false material about CrossFit;

24. The Policies exclude coverage for all relief sought by CrossFit against the NSCA based on the claim for False Advertising under Section 17500;

25. National Casualty has no duty to defend the NSCA against CrossFit's claim for False Advertising under Section 17500;

26. National Casualty has a right to reimbursement from the NSCA for all amounts incurred and paid to defend the NSCA against the claim for False Advertising under Section 17500;

27. National Casualty does not have any duty to indemnify the NSCA for any of the damages or other relief sought by CrossFit as part of its claim for False Advertising under Section 17500;

28. CrossFit asserted a claim against the NSCA for Unfair Competition based on the NSCA's publication of false material about CrossFit;

29. The Policies exclude coverage for all relief sought by CrossFit against the NSCA based on the claim for Unfair Competition;

30. National Casualty has no duty to defend the NSCA against CrossFit's claim for Unfair Competition;

31. National Casualty has a right to reimbursement from the NSCA for all amounts incurred and paid to defend the NSCA against the claim for Unfair Competition;

32. National Casualty does not have any duty to indemnify the NSCA for any of the damages or other relief sought by CrossFit as part of its claim for Unfair Competition;

33. CrossFit asserted a claim against the NSCA for Trade Libel based on the NSCA's publication of false material about CrossFit;

30

Complaint for Declaratory Relief

34.    The Policies exclude coverage for the damages and relief sought by CrossFit against the NSCA based on the claim for Trade Libel;

35.    National Casualty has no duty to defend the NSCA against CrossFit's claim for Trade Libel;

36.    National Casualty has a right to reimbursement from the NSCA for all amounts incurred and paid to defend the NSCA against the claim for Trade Libel;

37.    National Casualty does not have any duty to indemnify the NSCA for any of the damages or other relief sought by CrossFit as part of its claim for Trade Libel;

38.    The NSCA has breached its obligations under Section 2860 by failing to provide timely reports, information and evaluations to National Casualty;

39.    The NSCA has breached its obligations under the conditions of the Policies by failing to provide timely reports, information and evaluations to National Casualty;

40.    The NSCA has breached its obligations under Section 2860 by failing to timely consult with National Casualty regarding all matters relating to the Federal Lawsuit and State Lawsuit;

41.    The NSCA has breached its obligations under the conditions of the Policies by failing to timely consult with National Casualty regarding all matters relating to the Federal Lawsuit and State Lawsuit;

42.    The NSCA must provide National Casualty with timely reports every thirty days, and more frequently if required based on the developments in the Federal Lawsuit and State Lawsuit, regarding all matters relating to the Federal Lawsuit and State Lawsuit, including the progress of the action, opportunities for settlement, developments affecting liability or damages, and the NSCA's exposure;

43.    National Casualty has honored the NSCA selection of Noonan Lance as its independent counsel;

44.   National Casualty is only obligated to pay for one firm to represent the NSCA;

45.   The NSCA's selection of Noonan Lance as independent counsel for the Federal Lawsuit and State Lawsuit terminated any obligation by National Casualty to continue paying for Manning & Kass to represent the NSCA in either of those cases;

46.   National Casualty has the right to refuse payment of any invoices submitted by Manning & Kass in the Federal Lawsuit after August 2017;

47.   National Casualty has the right to refuse payment of any invoices submitted by Manning & Kass in the State Lawsuit after February 2018;

48.   The Policies do not impose any obligation on National Casualty to fund the NSCA's prosecution of affirmative claims against CrossFit in the State Lawsuit;

49.   National Casualty has no duty to fund the prosecution of NSCA's claims against CrossFit in the State Lawsuit;

50.   National Casualty has a right to reimbursement from the NSCA for all amounts incurred and paid to fund the prosecution of the State Lawsuit;

51.   National Casualty is entitled to pre-judgment and post-judgment interest;

52.   National Casualty is entitled to such further and supplemental relief as this Court deems necessary and proper, including but not limited to an award of costs.

DATED:  June 14, 2018                    SELMAN BREITMAN LLP

By: _____
LISA M. LAMPKIN
Attorneys for National Casualty Company

32

Complaint for Declaratory Relief