

FILED
SEP 1 2 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY           DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL STRENGTH AND CONDITIONING ASSOCIATION,<br><br>Defendant. | **CASE NO.: 18-CV-1292 JLS-KSC**<br><br>**Hon. Janis L. Sammartino**<br><br>**PROTECTIVE ORDER**<br><br><br>Action Filed: June 14, 2018<br>Trial Date: Not Set |
| NATIONAL STRENGTH AND CONDITIONING ASSOCIATION,<br><br>Counterclaimant,<br><br>vs.<br><br>NATIONAL CASUALTY COMPANY,<br><br>Cross-Defendant. | |

Please take notice that Plaintiff/Counter-Defendant National Casualty Company ("National Casualty") and Defendant/Counterclaimant National Strength and Conditioning Association ("NSCA") jointly stipulate and move the Court to enter a Protective Order in this insurance coverage litigation (the "Coverage Lawsuit") based

on the following grounds:

WHEREAS, in the course of this action, disclosure may be sought and made of information that National Casualty or NSCA regards as being of a confidential, personal, private, privileged, trade secret, proprietary, technical, commercial, or financial nature (hereinafter collectively referred to as "Confidential Information"), or, solely with respect to documents produced by CrossFit, Inc. ("CrossFit") in the underlying lawsuit entitled (1) *CrossFit, Inc. v. National Strength and Conditioning Association*, United States District Court, Southern District of California, Case No. 3:14-cv-01191-HKS-KCS (the "Federal Lawsuit"); and (2) the now-dismissed underlying lawsuit entitled *National Strength and Conditioning Association v. Glassman, et al.*, San Diego Superior Court, Case No. 37-2016-00014339-CU-DF-CTL (the "State Lawsuit"), Confidential Information that has been designated by CrossFit in the underlying actions as so highly sensitive that the actual parties themselves (*i.e.*, National Casualty and NSCA) should not be permitted to view, use or know about such highly sensitive Confidential Information (herein collectively referred to as "Counsel Only Information"). The parties agree that, except for documents designated by CrossFit as "Counsel Only" in the underlying lawsuits, they will not designate any other documents as "Counsel Only" in this action. For purposes of this Protective Order, Counsel Only Information is included in the term Confidential Information except were specifically noted;

WHEREAS, National Casualty and NSCA desire to protect against the unauthorized disclosure, use or publication of Confidential Information, especially privileged or protected communications between NSCA, its counsel and insurers (including National Casualty) in this Coverage Lawsuit and as it relates to the (1) the Federal Lawsuit; (2) the State Lawsuit; or (3) NSCA's claims against appointed defense panel counsel Manning & Kass, Ellrod, Ramirez, Trester LLP ("Manning & Kass") regarding the Federal and State Lawsuits;

WHEREAS, this Protective Order is meant to encompass all forms of

disclosure that may contain Confidential Information, including any discovery request, discovery response, document production, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic or digital media, photographs, video, etc.);

WHEREAS, National Casualty and NSCA agree that good cause exists under Rule 26(c) of the Federal Rules of Civil Procedure for entry of this Protective Order because, while at this stage of this Coverage Lawsuit National Casualty and NSCA are not necessarily able to anticipate every item that may be used, requested, produced or ordered to be produced in discovery in this Coverage Lawsuit, National Casualty and NSCA presently anticipate that one or more of them will seek to disclose, discover or use information that is private, privileged, or confidential and that in the interests of justice should remain so;

NOW, THEREFORE, IT IS HEREBY STIPULATED by and between National Casualty and NSCA, through their respective counsel of record, that the following Protective Order shall govern the use and disclosure of Confidential Information in this Coverage Lawsuit:

1. Any party to this Coverage Lawsuit and any third party shall have the right to designate as "Confidential" and subject to this Protective Order any information, document or thing, or portion of any document or thing, that: (a) contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, (b) contains private or confidential personal information, (c) contains information received in confidence from third parties, (d) the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or (e) privileged or protected communications concerning the Federal or State Lawsuits. Any party to this Coverage Lawsuit or any third party covered by this Protective Order that produces or discloses any Confidential Information (***but not Counsel Only Information***), including, without limitation, any information, document, thing, interrogatory answer,

admission, pleading or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL — SUBJECT TO DISCOVERY CONFIDENTIALITY/PROTECTIVE ORDER" (hereinafter "Confidential"). Any party that receives from another party or third-party information or documents that the receiving party believes should be designated Confidential is entitled under this Protective Order to designate such information or documents as Confidential. This paragraph applies equally to Counsel Only Information but such material shall be marked with the foregoing or similar legend: "CONFIDENTIAL – COUNSEL ONLY" or "CONFIDENTIAL – COUNSEL ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY/PROTECTIVE ORDER".

2. The use or production of Confidential Information in this Coverage Lawsuit in any manner shall not constitute a waiver of any claims of privilege, work-product immunity or protections otherwise afforded such Confidential Information vis-à-vis third persons or entities not parties in this Coverage Lawsuit.

3. All Confidential Information used, disclosed or produced in this Coverage Lawsuit shall be used by the parties solely for purposes of the prosecution or defense of this Coverage Lawsuit. Further, to the extent such Confidential Information would otherwise be discoverable, it can be used (1) as part of NSCA's defense of the Federal Lawsuit; (2) as part of NSCA's defense of any claim or litigation made by CrossFit (and its related persons or entities) concerning the State Lawsuit; or (3) in connection with NSCA's claims against Manning & Kass. Except to the extent permitted by this Protective Order, Confidential Information used, disclosed or produced in this Coverage Lawsuit shall not be used by any party for any business, commercial, competitive, personal or other purpose not authorized herein, and shall not be disclosed by any party to anyone other than those individuals and entities set forth in Paragraph 3 of this Protective Order, unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by order of the Court. It is, however, understood that counsel for a party may give

advice and opinions to his or her client and that client's other counsel based on his or her evaluation of Confidential Information.

   4.  Confidential Information (***but not Counsel Only Information***) may be disclosed only to the following individuals and entities under the following conditions:

  a. The parties (with respect to parties that are corporations or other business entities, "party" shall mean past and current company executives, past and current employees who participate or are contacted to assist in this Coverage Lawsuit, or any third party professionals assisting with this Coverage Lawsuit and facts related thereto);

  b. Outside counsel (herein defined as any attorney, paralegal or employee of the parties' outside law firms) and in-house counsel for the parties, whether employed or serving as such;

  c. Outside experts or consultants retained or used by a party or outside counsel for purposes of this Coverage Lawsuit, provided they have reviewed this Protective Order and have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

  d. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

  e. The Court and its personnel;

  f. Any witness in this Coverage Lawsuit, provided they have reviewed this Protective Order and have signed a non-disclosure agreement in the form attached hereto as Exhibit A ; and

  g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings, including, but not limited to, court reporters, litigation support personnel, jury consultants, creators of demonstrative and audiovisual aids for use in the

courtroom or in depositions or mock jury sessions, as well as their staff, stenographic and clerical employees whose duties and responsibilities require access to such materials.

5. Counsel Only Information may be disclosed only to the following individuals and entities under the following conditions:

    a. The parties' outside counsel (herein defined as any attorney, paralegal or employee of the parties' outside law firms) and in-house counsel for the parties, whether employed or serving as such;

    b. Outside experts or consultants retained or used by a party or outside counsel for purposes of this Coverage Lawsuit, provided they have reviewed this Protective Order and have signed a non-disclosure agreement in the form attached hereto as Exhibit B;

    c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    d. The Court and its personnel; and

    e. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings, including, but not limited to, court reporters, litigation support personnel, jury consultants, creators of demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic and clerical employees whose duties and responsibilities require access to such materials.

6. Confidential Information shall be used only by individuals or entities permitted access to it under Paragraph 4 of this Protective Order. Confidential Information, copies thereof and the information contained therein, shall not be disclosed by the other party in any manner to any other individual or entity, until and unless (a) a party or outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7. Counsel Only Information shall be viewed and used only by individuals or entities permitted access to it under Paragraph 5 of this Protective Order. Counsel Only Information, copies thereof and the information contained therein, shall not be disclosed in any manner to any individual or entity, until and unless (a) a party or outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

8. With respect to any depositions that involve the use or disclosure of Confidential Information, a party shall use best efforts to designate the portions of the transcript as confidential at the time of use or within thirty (30) days after receipt of the final deposition transcript by which to inform all other parties and the court reporter that certain portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No portion of a deposition transcript that has been designated Confidential shall be disclosed other than to the individuals and entities described in Paragraph 4 above and the deponent during the thirty (30) day period described herein, and no individual attending such a deposition shall disclose the contents of the Confidential portion of the deposition to any individual or entity other than those described in Paragraph 4 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy or draft of the transcript in its custody or control to be appropriately marked and limit disclosure of the Confidential portion of that transcript in accordance with Paragraphs 3-5 above.

9. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party a written objection to such designation, which objection shall describe with particularity the documents or information in question and shall state the grounds for objection (the "Objection"). Counsel for the

designating party or third party shall respond in writing to the Objection within twenty one (21) days, unless extended by agreement, and shall state with particularity the grounds for asserting that the document or information is Confidential (the "Response to Objection"). If no timely Response to Objection is made to the Objection, the documents containing the challenged designation can be used in the Coverage Lawsuit, subject to a party's right to seek protection from the court. If the designating party makes a timely Response to Objection, counsel shall then confer in good faith in an effort to resolve the dispute within fourteen (14) days of the Response to the Objection.

    b. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation may file a motion in the Court requesting that the disputed Confidential designation receive the protections provided by this Protective Order. Until the parties or the Court resolves a challenge under this paragraph, all parties shall treat the information as "Confidential". In connection with any motion under this paragraph, the producing party shall bear the burden of establishing that that the disputed information should be treated as "Confidential" under this Protective Order.

10. Nothing shall be filed under seal, and the Court shall not be required to take any action, without a separate order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. To the extent a party wishes to file a document designated as Confidential, the party shall follow and abide by applicable law with respect to seeking an order sealing documents, including local rules, if any. Nothing in the Protective Order shall preclude a party from submitting a document designated as

Confidential for filing under seal or lodging a proposed document designated as Confidential to be filed under seal with a concurrently filed motion to file under seal. If a party files a motion seeking an order sealing a document designated as Confidential (or Counsel Only) by the other party, the party seeking the order shall include in its motion a statements to the effect that the other party has designated the document as Confidential pursuant to this Protective Order (or CrossFit has designated it Counsel Only pursuant to a Protective Order in the underlying Federal or State Lawsuits) and that the other party contends that such document (1) contains Confidential Information and (2) should be sealed.

11. To the extent the Court denies a motion to file under seal with prejudice, the parties will not be restricted in their subsequent use of the materials/documents in connection with filings with the Court or presentation of evidence at trial or any other proceedings in this Coverage Lawsuit, unless the Court's denial is the subject of a stay, motion for reconsideration or immediate appeal.

12. To the extent possible, only those portions of a filing with the Court that contain material designated as Confidential shall be filed under seal. To the extent that materials/documents are only partially designated as Confidential, such partial designation will not restrict the Parties' use of any non-confidential portions of those materials/documents not designated as Confidential. Accordingly, a party's reference to, or quotation from, such non-confidential portions of partially designated materials/documents in a pleading, motion, brief, affidavit or exhibit filed with the Court shall not, on its own, obligate that party to seek to file such pleading, motion, brief, affidavit or exhibit under seal.

13. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential Information, it may do so only after giving notice to the producing party and as directed by the Court.

14. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Information that one of the parties believes

9  3:18-CV-01292-JLK-KSC
PROTECTIVE ORDER

should have been designated Confidential, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Protective Order.

15. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and is brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of information, documents or things shall not, by itself, constitute a waiver by the disclosing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge in this Coverage Lawsuit the producing party's claim of privilege within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

16. No information that is in the public domain or that is already known by the receiving party through proper outside sources or that is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Information under this Protective Order. This paragraph, however, does not pertain to Confidential Information the parties agree should be designated Confidential under this Protective Order, or Confidential Information that should be designated Confidential because of the nature of the relationship of the parties (*i.e.*, insurer and insured) and their relationship vis-à-vis the

parties' counsel in the Federal and State Lawsuits. Additionally, to the extent a party contends that documents should be designated as Confidential, the procedures in this Protective Order still apply.

17. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order does not obligate any party to disclose any confidential or privileged information, subject to the other party's right to object to such non-production. Further, this Protective Order does not permit a party intentionally to fail to designate Confidential Information as Confidential and such non-designation shall not constitute a waiver of any privileges, protections provided by law or this Protective Order. Confidential Information produced by a party that has not been designated as Confidential may be designated as Confidential by the receiving party. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

18. This Protective Order shall survive the termination of this Coverage Lawsuit and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.

19. The Court may modify the Protective Order in the interests of justice or for public policy reasons.

IT IS SO ORDERED.

DATED: 9/11/19

HONORABLE KAREN S. CRAWFORD
U.S. MAGISTRATE JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL STRENGTH AND CONDITIONING ASSOCIATION,<br><br>Defendant. | Case No. 3:18-CV-01292-JLS-KSC<br><br>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER (CONFIDENTIAL INFORMATION)<br><br>Complaint: June 14, 2018<br>Counterclaim: July 12, 2018<br>Trial Date: None |
| NATIONAL STRENGTH AND CONDITIONING ASSOCIATION<br><br>Counterclaimant,<br><br>v.<br><br>NATIONAL CASUALTY COMPANY<br><br>Counter-Defendant. | |

I, _____, affirm that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Protective Order in this Coverage Lawsuit signed by the Court, attached hereto as Exhibit A, and I will comply with all provisions of the Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any documents or information designated Confidential or any words, summaries, abstracts, or indices of Confidential Information in this Coverage Lawsuit that are disclosed to me.

6. I will limit use of Confidential Information disclosed to me solely for the purpose of this Coverage Action or as otherwise permitted by the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____, _____.
              [City]       [State]

Dated: _____  _____
                                [Name]

13
EXHIBIT A
3:18-CV-01292-JLK-KSC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL STRENGTH AND CONDITIONING ASSOCIATION,<br><br>Defendant.<br><br>NATIONAL STRENGTH AND CONDITIONING ASSOCIATION<br><br>Counterclaimant,<br><br>v.<br><br>NATIONAL CASUALTY COMPANY<br><br>Counter-Defendant. | Case No. 3:18-CV-01292-JLS-KSC<br><br>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER (COUNSEL ONLY INFORMATION)<br><br>Complaint:     June 14, 2018<br>Counterclaim: July 12, 2018<br>Trial Date:     None |

I, _____, affirm that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____ _____.

3. My present occupation or job description is _____ _____.

4. I have carefully read and understood the provisions of the Protective Order in this Coverage Lawsuit signed by the Court, attached hereto as Exhibit A, and I will comply with all provisions of the Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any documents or information designated Counsel Only Information or any words, summaries, abstracts, or indices of Counsel Only Information in this Coverage Lawsuit that are disclosed to me.

6. I will limit use of Counsel Only Information disclosed to me solely for the purpose of this Coverage Action or as otherwise permitted by the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____, _____.
                 [City]        [State]

Dated: _____ _____
                                   [Name]

# CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2019, I caused the foregoing document to be electronically e-mailed to efile_sammartino@casd.uscourts and efile-_crawford@casd.uscourts.gov.

I also hereby certify that on September 10, 2019, I caused the foregoing document to be electronically e-mailed to counsel for National Casualty Company:

Lisa M. Lampkin (llampkin@selmanlaw.com)

Kelsey C. Starn (kstarn@selmanlaw.com)

SELMAN BREITMAN LLP

11766 Wilshire Blvd., Sixth Floor

Los Angeles, CA 90025-6538


Michelle R. Bernard  (mbernard@grsm.com)

Jessica L. Meyer  (jlmeyer@grsm.com)

GORDON REES SCULLY MANSUKHANI, LLP

101 W. Broadway, Suite 2000

San Diego, CA 92101


DATED: August 5, 2019         KILPATRICK TOWNSEND & STOCKTON, LLP

By: /s/ Daniel H. Rylaarsdam
    Mary Craig Calkins
    Daniel H. Rylaarsdam
    Nancy L. Stagg
    Attorneys for Defendant/
    Counterclaimant
    NATIONAL STRENGTH AND
    CONDITIONING ASSOCIATION