UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL STRENGTH AND CONDITIONING ASSOCIATION,<br><br>Defendant, | Case No.: 18-CV-1292 JLS (KSC)<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO SEAL**<br><br>(ECF No. 57) |
| NATIONAL STRENGTH AND CONDITIONING ASSOCIATION,<br><br>Counter-Claimant,<br><br>v.<br><br>NATIONAL CASUALTY COMPANY,<br><br>Counter-Defendant. | |

Presently before the Court is Defendant and Counter-Claimant National Strength and Conditioning Association's ("NSCA") Motion for Order to Seal Exhibits Filed in Support of Motion for Partial Summary Judgment ("Mot.," ECF No. 57). Having carefully considered the Motion, the proposed documents, and the relevant law, the Court **DENIES WITHOUT PREJUDICE** the NSCA's Motion.

/ / /

# LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound

/ / /

discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## ANALYSIS

The NSCA seeks leave to file the following documents under seal:

1. Portions of the NSCA's Memorandum of Points and Authorities in Support of Its Motion for Partial Summary Judgment ("MPSJ") (the "Memorandum");

2. Exhibit G to the NSCA's Compendium of Evidence in Support of Its MPSJ (the "Compendium"), which is a June 21, 2016 letter from John R. Hapner, Claims Litigation Analyst, K&K Insurance, to Thomas M. James, Law Office of Thomas M. James, P.C.;

3. Exhibit H to the Compendium, which is a July 25, 2016 letter from Mr. James to Mr. Hapner; and

4. Exhibit I to the Compendium, which is a July 12, 2017 letter from Lisa Lampkin of Selman Breitman LLP, counsel for Plaintiff and Counter-Defendant National Casualty Company ("NCC"), to Daniel H. Rylaarsdam (then of Kilpatric Townsend & Stockton LLP), counsel for the NSCA.

*See* ECF No. 57-1 at 1. The NSCA contends that "there are 'compelling reasons' to seal" these documents because "Exhibits G, H, and I are designated as 'Confidential' [by the NSCA] pursuant to the signed Protective Order in place because they contain confidential and privileged insurance information not available to the public" and the "Memorandum includes quotes from Exhibits G, H, and I." *See id.* at 1–2. The NSCA also argues that these documents "should be treated as *confidential* communications between NSCA and its insurer, National Casualty," and that "National Casualty has taken the position that documents containing information similar to the information contained in Exhibits G, H, and I contain proprietary information of National Casualty." *Id.* at 2 (emphasis in original).

Given the strong presumption in favor of access to court records, a party seeking to file under seal materials in support of a dispositive motion, such as a motion for summary judgment, must articulate compelling reasons to maintain their confidentiality. *See Foltz*,

331 F.3d at 1136. Under the compelling reasons standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). That the documents sought to be filed under seal are subject to a protective order, without more, does not satisfy the compelling reasons standard. *Foltz*, 331 F.3d at 1136. Further, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

The NSCA has failed to meet its burden here. The NSCA's argument for sealing Exhibits G, H, and I and those portions of the Memorandum quoting those documents hinges on its own designation of the documents as "Confidential" pursuant to the Protective Order in this case, the purported "privileged and confidential" nature of the communications, and NCC's prior arguments—rejected by this Court, *see* ECF No. 54—that similar documents "contain proprietary information." *See* ECF No. 57-1 at 1–2. Review of Exhibits G, H, and I, however, reveals that they primarily consist of matters of public record, including California statutes and federal court records, including the insurance policies issued by NCC to the NSCA. *See generally* ECF Nos. 58-1–3; *see also* ECF Nos. 1-7–8. It is also clear from the pleadings in this case that NCC agreed to defend the NSCA in *CrossFit, Inc. v. National Strength and Conditioning Association*, No. 14-CV-1191 JLS (KSC) (S.D. Cal. filed May 12, 2014), subject to a reservation of rights. *See, e.g.*, ECF No. 1 ¶ 13; ECF No. 7 ¶ 16. It is therefore unclear to the Court what portions of Exhibits G, H, and I—if any—contain "confidential" or "proprietary information" or what specific prejudice or harm NCC or the NSCA may suffer if those exhibits are not filed under seal. Because the NSCA has failed to meet its burden of establishing "compelling reasons" sufficient to outweigh the public's interest in Exhibit G, H, and I in support of its pending MPSJ, the Court **DENIES WITHOUT PREJUDICE** the NSCA's Motion.

/ / /

/ / /

## CONCLUSION

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** the NSCA's Motion (ECF No. 57). Within <u>seven (7) days</u> of the electronic docketing of this Order, the NSCA or NCC **SHALL FILE** a renewed motion to seal that meets the "compelling reasons" standard **OR** the NSCA **SHALL FILE** full, unredacted copies of the documents previously lodged under seal at ECF No. 58.

**IT IS SO ORDERED.**

Dated: February 28, 2020

Hon. Janis L. Sammartino
United States District Judge