UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL CASUALTY COMPANY,<br><div align="right">Plaintiff,</div><br>v.<br><br>NATIONAL STRENGTH AND<br>CONDITIONING ASSOCIATION,<br><div align="right">Defendant,</div> | Case No.:  18-CV-1292 JLS (KSC)<br><br>**ORDER GRANTING PLAINTIFF'S<br>RENEWED MOTION TO SEAL**<br><br>(ECF No. 76) |
| NATIONAL STRENGTH AND<br>CONDITIONING ASSOCIATION,<br><div align="right">Counter-Claimant,</div><br>v.<br>NATIONAL CASUALTY COMPANY,<br><div align="right">Counter-Defendant.</div> | |

Presently before the Court is Defendant and Counter-Claimant the National Strength and Conditioning Association's ("NSCA") Renewed Motion for Order to Seal Exhibits Filed in Support of NSCA's Opposition to National Casualty Company's ("NCC") Summary Judgment Motion and NCC's Opposition to the NSCA's Summary Judgment Motion ("Renewed Mot.," ECF No. 76), filed in response to the Court's March 10, 2020

Order Denying Without Prejudice Plaintiff's and Defendant's Motions to Seal, ECF No. 74. Having carefully considered the NSCA's memorandum of points of authorities in support of its Renewed Motion, the proposed documents, and the relevant law, the Court **GRANTS** the Renewed Motion.

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the

production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## ANALYSIS

The NSCA seeks leave to file under seal the following documents or portions thereof:

1.      Page 266, lines 5 through 21 and page 269, lines 11 through 14 of Exhibit O to the NSCA's Compendium of Evidence in Support of Its Opposition to NCC's Summary Judgment Motion (the "Compendium"), which are excerpts from the February 4, 2020 deposition of the NSCA's outside corporate counsel, Thomas M. James;

2.      Page 278, lines 20 through 23 and page 279, line 19 through page 285, line 16 of Exhibit Q to the Compendium, which are excerpts from the February 28, 2020 deposition of the NSCA's former, NCC-appointed defense counsel, Kenneth Kawabata;

3.      Page 289, line 16 through page 290, line 12 of Exhibit R to the Compendium, which is an excerpt from the February 4, 2020 individual and Federal Rule of Civil Procedure 30(b)(6) deposition of the NSCA through its Chief Financial Officer, Lee Madden;

4.      Page 299, lines 4 through 14 of Exhibit S to the Compendium, which is an excerpt from the February 6, 2020 individual and Rule 30(b)(6) deposition of the NSCA through its Executive Director, Michael Massik;

5.      Page 305, line 10 through page 306, line 1; page 307, line 23 through page 308, line 4; page 310, lines 12 through 21; page 312, lines 1 through 16; page 313, lines 10 through 25; page 314, lines 1 through 15; page 316, line 1 through page 317, line 10; page 318A, line 16 through page 319, line 9; and page 320, lines 15 through 21 of Exhibit T to the Compendium, which are excerpts from the February 12, 2020 deposition of NCC claims handler Davin Montgomery;

18-CV-1292 JLS (KSC)

6.      Page 329, line 11 through page 330, line 13; page 333, lines 1 through 17; and page 334, line 10 through page 335, line 12 of Exhibit U to the Compendium, which are excerpts from the February 6, 2020 deposition of NCC employee Raymond Rogissart;

7.      Exhibit V to the Compendium, consisting of Deposition Exhibit 309;

8.      Exhibit W to the Compendium, consisting of Deposition Exhibit 79;

9.      Exhibit X to the Compendium, consisting of Deposition Exhibit 80;

10.     Exhibit Y to the Compendium, consisting of Deposition Exhibit 84;

11.     Page 356, lines 3 through 17; page 357, line 4 through page 368, line 1; page 369, line 8 through page 370, line 20; page 371, lines 2 through 7; page 373, line 4 through page 385, line 19; and page 385A, line 15 through 385D, line 15 of Exhibit Z to the Compendium, which are excerpts from the February 25, 2020 deposition of Federal Insurance Company's claims handler Megan Lorentz-Owen;

12.     Exhibit AA to the Compendium, consisting of Deposition Exhibit 96;

13.     Exhibit BB to the Compendium, consisting of Deposition Exhibit 123;

14.     Exhibit CC to the Compendium, consisting of Deposition Exhibit 124;

15.     Page 23, lines 19 through 24; page 24, lines 12 through 22; and page 27, line 15 through page 28, line 15 of Exhibit 1 to the Declaration of Michelle Bernard in Support of the NCC's Opposition to the NSCA's Motion for Partial Summary Judgment (the "Bernard Decl."), which are additional excerpts from the February 12, 2020 deposition of Mr. Montgomery;

16.     Page 42, lines 9 through 23 of Exhibit 2 to the Bernard Declaration, which is an excerpt from the February 6, 2020 deposition of the NSCA's Education/Publications Director, Keith Cinea;

17.     Page 68, lines 1 through 16 of Exhibit 3 to the Bernard Declaration, which is an additional excerpt from the February 4, 2020 deposition of Mr. James;

/ / /

/ / /

18.     Exhibit 8 to the Bernard Declaration, consisting of correspondence between Mary Craig Calkins to Brian Zimmerman, Esq. and Lisa Lampkin, Esq. dated August 10, 2017;

19.     Exhibit 10 to the Bernard Declaration, consisting of correspondence from Mr. James to Ms. Calkins and Mr. Cinea dated February 7, 2017; and

20.     Exhibit 14 to the Bernard Declaration, consisting of correspondence from Mr. Kawabata to Mr. Montgomery and others dated May 31, 2017.

*See* ECF No. 76 at 1–4; *see also* ECF No. 79 at 13–24.  The NSCA contends that there exist compelling reasons to seal these documents because "[t]he documents at issue contain privileged information protected by the attorney-client privilege and attorney work product doctrine under applicable California law (the law that applies to this case because the Court's jurisdiction is based on diversity) and the special 'tripartite' relationship existing between insurers, insureds and appointed defense counsel."  *See* ECF No. 76 at 4. Specifically, the NSCA contends that California extends "broad protection for confidential communications between an attorney and his/her client as well as attorney-work product, especially with the added protections of the tripartite attorney-client relationship that exists between an insurer, its insured and appointed counsel," *see* ECF No. 79 at 3, with waiver by one client not preventing the other client from asserting the privilege against any third-parties.  *See id.* at 7; *see also id.* at 13–24.

Having reviewed the documents in question and the NSCA's authorities, the Court concludes that the NSCA has established that the specific exhibits or excerpts thereof that it seeks to file under seal may contain privileged information, publication of which may prejudice the NSCA.  Accordingly, the Court **GRANTS** the NSCA's Renewed Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

In light of the foregoing, the Court **GRANTS** the NSCA's Renewed Motion (ECF No. 76).  The Clerk of the Court **SHALL FILE UNDER SEAL** the documents lodged under seal at ECF Nos. 77 and 78.

**IT IS SO ORDERED.**

Dated:  March 30, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

6

18-CV-1292 JLS (KSC)