UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NATIONAL CASUALTY COMPANY,

Plaintiff,

v.

NATIONAL STRENGTH AND
CONDITIONING ASSOCIATION,

Defendant,

_____

NATIONAL STRENGTH AND
CONDITIONING ASSOCIATION,

Counter-Claimant,

v.

NATIONAL CASUALTY COMPANY,

Counter-Defendant.

Case No.: 18-CV-1292 JLS (KSC)

**ORDER GRANTING MOTION FOR
LEAVE TO FILE FIRST AMENDED
COUNTERCLAIM**

(ECF No. 30)

Presently before the Court is Defendant and Counter-Claimant National Strength and Conditioning Association's ("NSCA") Motion for Leave to File First Amended Counterclaim ("Mot.," ECF No. 30). Also before the Court is Plaintiff and Counter-Defendant National Casualty Company's ("NCC") Opposition to ("Opp'n," ECF No. 39) and the NSCA's Reply in Support of ("Reply," ECF. 42) the Motion. Having carefully

1

considered the NSCA's proposed amendments, the Parties' arguments, and the law, the Court **GRANTS** the NSCA's Motion.

## BACKGROUND

This case came before the Court on June 14, 2018, when NCC filed its original declaratory relief action against the NSCA regarding NCC's duty as the NSCA's insurer to prosecute, indemnify, and/or defend the NSCA in two underlying civil lawsuits. *See generally* ECF No. 1 ("Compl."). The NSCA filed its initial Counterclaim on July 12, 2018, *see generally* ECF No. 7, and the instant Motion on June 24, 2019. *See generally* ECF No. 30.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend their complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts generally grant leave to amend absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Rule 15(a) 'is to be applied with extreme liberality,' and whether to permit amendment is a decision 'entrusted to the sound discretion of the trial court.'" *EFG Bank AG, Cayman Branch v. Transam. Life Ins. Co.*, No. 216CV08104CASGJSX, 2019 WL 5784739, at *3 (C.D. Cal. Nov. 4, 2019) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Jordan v. Cty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982)).

## DISCUSSION

The NSCA requests leave to file its First Amended Counterclaim ("FACC") to include new allegations concerning NCC's alleged breaches of its duty to defend and its other obligations to the NSCA in the two underlying civil lawsuits. Mot. at 5–6. The

FACC also includes a new counterclaim for violations of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, based on the same conduct giving rise to the NSCA's counterclaims. *Id.* at 6. Lastly, the FACC makes clear that the NSCA is seeking punitive damages from NCC. *Id.*

The NSCA contends that it should be granted leave to amend because NCC will not suffer prejudice because no discovery has been taken in the action, and both parties will have ample opportunity to conduct extensive discovery concerning the issues raised in the FACC.[1] *Id.* at 8–9. Further, the NSCA contends that it has not acted in bad faith because it sought leave to amend at an early stage in the litigation and it raises valid claims against NCC. *Id.* at 9. The NSCA also asserts that the instant Motion is timely and does not unduly delay the litigation. *Id.* at 9. Finally, the NSCA maintains that the proposed FACC is not futile because "the facts pled support the relief sought, and NSCA should have the opportunity to seek all available relief in this Court for [NCC]'s misconduct." *Id.* at 10.

In its Opposition, NCC does not contest that the NSCA should be granted leave to plead the new allegations contained in the FACC, including that NCC breached its duty to the NSCA with respect to the underlying civil lawsuits. *See generally* Opp'n. Instead, NCC opposes the Motion solely on the ground that the NSCA's proposed UCL counterclaim is futile because the remedies available under the UCL are limited to restitution and injunctive relief. *Id.* at 3. NCC contends that, because restitution and injunctive relief are equitable remedies, they are not available unless the NSCA lacks an adequate remedy at law. *Id.* at 4. As a result, NCC claims that the proposed UCL cause of action is futile because the NSCA has an adequate remedy at law in the form of monetary damages for NCC's alleged wrongful conduct. *Id.*

As the NSCA points out and as the Court agrees, however, NCC fails to consider that the request for injunctive relief outlined in the FACC pertains not only to the NSCA,

---

[1] It appears that the Parties have since engaged in discovery and that fact discovery closed on March 6, 2020. See ECF No. 48 ¶ 1.

but also to other of NCC's insureds.  Reply at 4.  The NSCA's request for injunctive relief should be denied only if "there is no reasonable probability that past acts complained of will recur." *Cal. Serv. Station etc. Ass'n. v. Union Oil Co.*, 232 Cal. App. 3d 44, 57 (1991). Here, NCC's alleged wrongful acts are, by their very nature, capable of repetition. The Court therefore is not persuaded that the proposed UCL counterclaim is futile.  Regardless, denial of a leave to amend on the basis of futility alone is rare and, "[o]rdinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Utterkar v. Ebix, Inc.*, No. 14-CV-02250-LHK, 2015 WL 5027986, at *3 (N.D. Cal. Aug. 25, 2015) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

In sum, "[a]bsent prejudice, or a strong showing of any . . . [other] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  In considering whether prejudice, bad faith, undue relay, or futility exist, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.*  Here, NCC concedes that the FACC is not prejudicial or made in bad faith and that it will not cause undue delay.  See generally Opp'n.  Consequently, the Court finds leave to amend appropriate. *See Eminence Capital*, 316 F.3d at 1048.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the NSCA's Motion for Leave to File First Amended Counterclaim (ECF No. 30).  The NSCA **SHALL FILE** the First Amended Counterclaim, previously filed at ECF No. 38-1–7, within <u>seven (7) days</u> of the electronic docketing of this Order.  The Parties **SHALL MEET AND CONFER**[2] and **SHALL FILE** a joint status report within <u>fourteen (14) days</u> of the electronic docketing of this this Order

/ / /

---

[2] In light of the current COVID-19 public emergency, *see, e.g.*, Order of the Chief Judge No. 18 (S.D. Cal. filed Mar. 17, 2020); Executive Order N-33-20, Executive Department of the State of California (March 19, 2020), the Parties are encouraged to meet and confer telephonically.

concerning the impact, if any, of this Order and the NSCA's FACC on the pending summary judgment motions. *See* ECF Nos. 49, 56.

**IT IS SO ORDERED.**

Dated: April 3, 2020

Hon. Janis L. Sammartino
United States District Judge

18-CV-1292 JLS (KSC)