UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL CASUALTY COMPANY,<br><br>                                Plaintiff,<br><br>v.<br><br>NATIONAL STRENGTH AND CONDITIONING ASSOCIATION,<br><br>                                Defendant.<br><br>NATIONAL STRENGTH AND CONDITIONING ASSOCIATION,<br><br>                                Counter-Claimant,<br><br>v.<br><br>NATIONAL CASUALTY COMPANY,<br><br>                                Counter-Defendant. | Case No.: 18-CV-1292 JLS (KSC)<br><br>**ORDER: (1) DENYING DEFENDANT'S EX PARTE APPLICATION AND DENYING AS MOOT THE NSCA'S MOTION TO FILE DOCUMENTS UNDER SEAL, (2) REQUESTING ADDITIONAL BRIEFING, AND (3) CONTINUING HEARING**<br><br>(ECF Nos. 49, 56, 100, 102, 103) |

      Presently before the Court are Plaintiff/Counter-Defendant National Casualty Company's Motion for Summary Judgment (ECF No. 49) and a Motion for Partial Summary Judgment filed by Defendant/Counter-Claimant National Strength and Conditioning Association ("NSCA") (ECF No. 56) (together, the "Motions for Summary Judgment"), which are set to be heard on June 11, 2020, *see* ECF No. 100, as well as the

NSCA's Ex Parte Application for Leave to File Sur-Reply to Respond to Erroneous Statements in NCC's Reply in Support of Its Motion for Summary Judgment ("Ex Parte App.," ECF No. 102) and Motion for Order to Seal Its Sur-Reply in Support of Its Motion for Partial Summary Judgment ("Mot. to Seal," ECF No. 103) and NCC's Opposition to the Ex Parte Application ("Ex Parte Opp'n," ECF No. 105). Having carefully reviewed the Parties' arguments and the law, the Court **DENIES** the NSCA's Ex Parte Application, **DENIES AS MOOT** the NSCA's Motion to Seal, **ORDERS** the Parties to submit additional briefing on the Motions for Summary Judgment, and **CONTINUES** the hearing on the Motions for Summary Judgment to accommodate the additional briefing requested by the Court.

## THE NSCA'S EX PARTE APPLICATION AND MOTION TO SEAL

Approximately two months after NCC filed its reply in support of its Motion for Summary Judgment, *see* Ex Parte Opp'n at 3; *see also* ECF No. 85, the NSCA requests leave to file a sur-reply "to respond to erroneous statements made in . . . National Casualty Company's Reply." Ex Parte App. at 1. As NCC notes, *see* Ex Parte Opp'n at 2, "[c]ourts generally view motions for leave to file a sur-reply with disfavor," although "permitting the filing of a sur-reply is within the discretion of the district court," but "only where a valid reason for such additional briefing exists." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 317CV01118BENBLM, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018) (quoting *Johnson v. Wennes,* No. 08-cv-1798, 2009 WL 1161620, at *2 (S.D. Cal. April 28, 2009)) (citing *Schmidt v. Shah,* 696 F. Supp. 2d 44, 60 (D.D.C. 2010); *Hill v. England*, No. CVF05869RECTAG, 2005 WL 3031136, at * 1 (E.D. Cal. Nov. 8, 2005)).

Here, NCC made an error concerning the pagination of the NSCA's exhibits and cited contrary testimony from its corporate designee concerning to whom NCC would defer in deciding whether there exist reasonable grounds for the NSCA to appeal in the underlying action. *See* Ex Parte App. at 2–4. To the extent they are material, the Court is capable of reviewing those portions of Mr. Rogissart's testimony cited by both the NSCA and NCC; accordingly, "the Court finds that [the NSCA]'s request for leave to file a sur-

reply is merely an attempt to have the last word on this issue," which "is precisely why Courts so thoroughly disfavor requests to file sur-replies." *See Whitewater W. Indus.*, 2018 WL 3198800, at *1. Accordingly, the Court **DENIES** the NSCA's Ex Parte Application and **DENIES AS MOOT** its attendant Motion to Seal.

## REQUEST FOR ADDITIONAL BRIEFING AND CONTINUANCE

Although the Parties already have filed voluminous briefs regarding their pending Motions for Summary Judgment, *see* ECF Nos. 49, 55, 56, 65, 68, 71, 82, 83, 85, 88, 95, 96, 98, the Court believes that further briefing on the following discrete issues would assist the Court in preparing for the hearing on the Motions and, ultimately, its determination of them. Specifically, the Court is interested in (1) the sufficiency of the reservation of rights letter from Carolyn Kanalos of K&K Insurance to Thomas James dated May 16, 2014, particularly the necessity of the insurer explicitly informing the insured that there exists a conflict of interest and of the insured's right to independent counsel; (2) whether breach of the duty to defend resulting from the failure to provide independent counsel in a conflict-of-interest situation gives rise to a cause of action for damages or for estoppel; (3) who, if anyone, bears the burden of establishing that there would have been a more favorable outcome but-for any such breach of the duty to defend resulting from the failure to provide independent counsel in a conflict-of-interest situation; and (4) the preclusive effect, if any, of a final judgment following appeal regarding the issue and/or terminating sanctions *CrossFit, Inc. v. National Strength and Conditioning Association*, No. 3:14-CV-1191 JLS (KSC) (S.D. Cal. filed May 12, 2014).

Accordingly, the Court **ORDERS ADDITIONAL BRIEFING**, not to exceed <u>ten (10) pages</u> per side, to be filed on or before <u>fourteen (14) days</u> from the date on which this Order is electronically docketed. To accommodate the additional briefing requested by the

/ / /
/ / /
/ / /
/ / /

1  Court, the Court **CONTINUES** the hearing on the Motions for Summary Judgment to
2  July 2, 2020 at 1:30 p.m.
3      **IT IS SO ORDERED.**

5  Dated: June 4, 2020

                                        Hon. Janis L. Sammartino
                                        United States District Judge